BOYER GONZALES, administrator, *vs.* EMELINE D. GONZALES, guardian.

Suffolk.    October 20, 1921. — November 23, 1921.

Present: RUGG, C. J., CROSBY, PIERCE, & CARROLL, JJ.

*Probate Court*, Appeal.    *Words*, "Proceeding," "Any proceeding."

As regards substantial proceedings in the Probate Court upon petition and notice to adversary interests after the appointment of an administrator or executor, the Legislature intended that the words "any proceeding" in St. 1919, c. 274, § 1 (see now G. L. c. 215, § 9), should mean any independent steps taken in the settlement of the estate that cannot be taken and determined by the court except upon a petition and hearing thereon which shall be independent of the petition upon which the original letters of administration issued.

A decree of the Probate Court, disallowing one and modifying other items of the first account, filed in that court on February 21, 1920, by one who on December 19, 1918, had been appointed the administrator of the estate of a deceased person, is a decree in a "proceeding begun" after January 1, 1920, the date when St. 1919, c. 274, went into effect, and, under § 1 of that statute (see now G. L. c. 215, § 9), the Supreme Judicial Court for the county has no jurisdiction of such an appeal.

PETITION, filed in the Probate Court for the county of Suffolk on February 21, 1920, asking for the allowance of the first account of the administrator of the estate of Daisy Gonzales Stanwood, late of Boston.

The petition was heard by *Prest*, J., and a decree was entered as stated in the opinion, from which the administrator claimed an appeal which he entered in the Supreme Judicial Court for the county of Suffolk. The respondent there moved that the appeal be dismissed. The motion was heard by *Jenney*, J., who ordered the entry of a final decree dismissing the appeal and, at the request of the administrator, reported the case for determination by the full court.

*J. A. Anderson*, for the administrator.

*F. W. Bacon*, (*T. Hunt* with him) for the respondent.

PIERCE, J.    The petitioner was appointed administrator of the estate of Daisy Gonzales Stanwood, deceased, intestate, at Boston, on December 19, 1918, and gave bond to the acceptance

of the presiding judge of the Probate Court for the county of Suffolk for the due performance of the said trust according to law. The administrator filed his first account on February 21, 1920, and on July 1, 1920, the Probate Court made a decree disallowing one item and reducing two other items of "Schedule B" of that account and increasing "Schedule C" accordingly. From this decree the administrator appealed, his claim of appeal being filed in the Probate Court on July 12, 1920, and in the Supreme Judicial Court for Suffolk County on July 12, 1920. No appeal was taken to, or filed in, the Supreme Judicial Court for the Commonwealth. On November 3, 1920, the respondent filed in the Supreme Judicial Court for the county of Suffolk a motion to dismiss the appeal of the administrator, upon the ground that "it is not entered in accordance with" St. 1919, c. 274. The motion was heard by a single justice, who ordered the entry of a final decree dismissing the appeal, and, at the request of the administrator, reported the case for consideration and determination by the full court.

The precise question for the determination of this court is whether or not this account is a "proceeding" begun after St. 1919, c. 274, took effect on January 1, 1920, or whether or not the "proceeding" was begun prior to the date that the statute took effect. The petitioner claims that the "proceeding" was begun to administer and settle the estate of Daisy G. Stanwood on December 19, 1918, when he was appointed administrator of the estate and letters of administration were issued to him; and that the filing of the account was one of the incidents that he was required, ordered and decreed to do by the proceeding begun on December 19, 1918, by the decree of the court granting the administration; and that St. 1919, c. 274, does not apply to the administrator's first account.

St. 1919, c. 274, § 1, reads: "A person who is aggrieved by an order, decree or denial of a probate court or of a judge of that court, in any proceeding begun after this act takes effect, may . . . appeal from the same to the Supreme Judicial Court, and the appeal shall be heard and determined by the full court, which shall have the like powers and authority in respect thereto as upon an appeal in a suit in equity under the general equity jurisdiction. . . ." The word "proceeding" undoubtedly may be

used synonymously with the word "action" or "suit" to describe the entire course of an action at law or a suit in equity from the issuance of the writ or the filing of the bill until the entry of a final judgment; and with accuracy may be used to describe any act done by authority of a court of law and every step required to be taken in a cause by either party. *Lait* v. *Sears*, 226 Mass. 119. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 10. In the consideration of the legislative intent in the use of the word "proceeding" in St. 1919, c. 274, §§ 1, 10, we set to one side as not being "any proceeding begun after this act takes effect" the incidental procedural orders and decrees, whenever made, which necessarily must be made in every probate petition which looks to a final decree. As regards substantial proceedings in the Probate Court upon petition and notice to adversary interests after the appointment of an administrator or executor, we are of the opinion that the Legislature intended that the words "any proceeding" should mean any independent steps taken in the settlement of the estate that cannot be taken and determined by the court except upon a petition and hearing thereon, which shall be independent of the petition upon which the original letters of administration issued. This construction of the meaning of the word "proceeding" is consistent with Probate Rules, I, which reads: ". . . Each petition shall be considered a separate proceeding and appearance of an attorney entered accordingly," and with G. L. c. 215, § 9. The question herein involved would seem to have been decided in principle by *Jordan* v. *Ulmer*, 237 Mass. 577.

It follows that the entry in the county court must be

*Appeal dismissed.*