SPENCER v. PETTIBONE ET AL.

[No. 17,511.  Filed January 10, 1947.  Rehearing Denied March 6, 1947.  Transfer Denied May 16, 1947.]

*Reed & Reed,* of Knox, for appellant.

*Harker & Irwin,* of Frankfort, and *Horner, McDowell & Gast,* of Winamac, for appellees.

ROYSE, J.—Appellant brought this action against appellees for damages for the death of her decedent resulting from a railroad crossing accident in which the automobile wherein said decedent was riding was struck by one of appellees' trains at a railroad crossing in Rensselaer, Indiana. Trial to a jury resulted in a verdict in favor of appellees. Judgment that appellant take nothing.

The only error assigned here is, the trial court erred in overruling appellant's motion for a new trial. The questions presented by said motion relate to the giving or refusal to give certain instructions.

Appellees assert the bills of exceptions containing the evidence and objections to instructions are not

before this court because the Clerk's certificate does not cover them. Appellant's *praecipe*, omitting formal parts, is as follows:

"You are hereby requested to prepare a complete transcript of the entire record of the above entitled cause except the bills of exceptions containing the evidence and the bill of exceptions containing the objections to the instructions and the courts ruling thereon which shall be included therein without copying and certify the same to be used on appeal to the Appellate Court of Indiana."

The certificate of the Clerk is as follows:

"I, V. C. Rinebarger, Clerk of the Pulaski Circuit Court of Pulaski County, Indiana, do hereby certify that the above and foregoing transcript contains a full, true and complete copy of all entries in said cause required by the above and foregoing praecipe.

"IN WITNESS WHEREOF, I hereunto set my hand and affix the Seal of said Court, this 25th day of April, 1946.

V. C. RINEBARGER,
Clerk, Pulaski Circuit Court,
Pulaski County, Indiana."

When this certificate is considered with the *praecipe* we believe it is sufficient. *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339.

In view of the conclusion we have reached, we deem it necessary to consider only the second specification of the motion for a new trial. This specification asserts the trial court erred in giving appellees' tendered instruction No. 17 over the objection of appellant. This instruction is as follows:

"The mere fact that the plaintiff's decedent was not the driver of the automobile in question does not constitute him an invited guest. As an occupant of the automobile other than the driver, he may have been either an invited guest or engaged

in a joint enterprise with the driver, and whether he was an invited guest or engaged in a joint enterprise, is a question of fact for you to determine from the evidence. If you find from the evidence that he was engaged in a joint enterprise with the driver, or with the driver and another occupant of the automobile, then I instruct you that he is chargeable with negligence of the driver. And in determining whether or not plaintiff's decedent was engaged in a joint enterprise with the driver of the automobile, you may consider the position of the occupants of the automobile, the place where the trip was started, if shown by the evidence, the destination of the automobile, if shown by the evidence, the purpose of the trip, if shown by the evidence, the common interest of the parties, if a common interest is shown by the evidence, together with any and all other facts and circumstances shown by the evidence in this case."

The objection to this instruction was, in part, as follows:

"the plaintiff objects to the giving of defendant's tendered instruction No. 17 for the reason that it singles out bits of evidence in determining whether or not the plaintiff's decedent and the driver of the automobile were engaged in a joint enterprise and that the evidence so pointed out is not sufficient to constitute joint enterprise and for the further reason, there is not evidence upon which the court can instruct the jury on the issue of joint enterprise; the burden of proof on the question of joint enterprise, being upon the defendant."

This court, in defining a joint enterprise in the case of *Hogle* v. *Reliance Manufacturing Company* (1943), 113 Ind. App. 488, at page 504, 48 N. E. (2d) 75, 81, said: "There is a joint enterprise where all the parties have a community of interest in the purposes and objects of the undertaking and an equal right in its control and management."

In Blashfield's Cyc. of Automobile Law, Vol. 4, § 2372, pp. 493-495, it is stated:

"An essential, and perhaps the central, element which must be shown in order to establish a joint enterprise is the existence of joint control over the management and operation of the vehicle and the course and conduct of the trip. There must, as said in another connection, in order that two persons riding in an automobile, one of them driving, may be deemed engaged in a joint enterprise for the purpose of imputing the negligence of the driver to the other, exist concurrently two fundamental and primary requisites, to wit, a community of interest in the object and purpose of the undertaking in which the automobile is being driven and an equal right to direct and govern the movements and conduct of each other in respect thereto."

As between the parties to a joint enterprise, there must be a contract either express or implied. *Lee Brothers, Inc.* v. *Jones* (1944), 114 Ind. App. 688, 711, 54 N. E. (2d) 108; 30 Am. Jur. 681, § 9.

With this understanding of a joint enterprise we proceed to a consideration of the evidence to determine if from it any reasonable inference of the existence of a joint enterprise may be found.

The record discloses the following facts: Decedent lived with his wife and three children on a farm he rented on shares from his father. For some time prior to January 14, 1942, the day of the accident, he worked on building a home for his father on the latter's farm. His father paid him for this work $3.00 per day, room and board. The father owned and drove an automobile. On the day of the accident the father, decedent and his younger brother Harold, left the father's home in an automobile to take Harold to the Draft Board at Rensselaer for examination and then to go to Wolcott to get a man to sand the floors in the new home. Returning from Wolcott the collision occurred and all three were instantly killed.

There was no evidence as to who was driving the automobile at the time of the accident.

In our opinion no reasonable inference can be drawn from this evidence that decedent was engaged in a joint enterprise. Therefore, the trial court erred in giving to the jury appellees' tendered instruction No. 17.

It is not likely other questions raised by appellant as to certain repetitious instructions will arise on a new trial. Therefore we do not deem it necessary to pass on these questions.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 70 N. E. (2d) 439.