MELLEN *v.* KNOTTS.

[No. 18,489. Filed May 3, 1954. Rehearing denied September 8, 1954. Transfer denied December 8, 1954.]

114

*H. Ralph Johnson,* of Terre Haute, *Craig & Craig,* of Brazil, *Pigg & Tennis,* of Sullivan, and *Barnes, Hickam, Pantzer & Boyd,* of Indianapolis (of counsel), for appellant.

*Joe W. Lowdermilk,* of Sullivan, and *Kenneth C. Miller,* of Brazil, for appellee.

ACHOR, J.—This is an action in negligence for personal injuries allegedly resulting from a collision between the automobiles of the appellant and the appellee. The injury complained of was the fracture of the fifth lumbar vertebra of appellee's spine.

Trial was to the court. Judgment was for plaintiff (appellee) in the sum of $7,500.00.

The error assigned was the overruling of the motion for new trial. The ground relied upon in said motion and assigned as error in this appeal is that the judgment was not sustained by sufficient evidence.

Under this assignment of error, appellant contends first that if the collision occurred in the manner described by appellant there was no negligence on her part and further, that it was physically impossible for the collision to have occurred in the manner described by appellee. Appellant also contends that the uniform testimony of all witnesses, including appellee's own statements, requires a conclusion that appellee's injury occurred not at the time and as a result of the collision, but subsequent thereto when the parties were endeavoring to separate the bumpers of the two automobiles.

However, the first issue presented in this appeal is raised by appellee's motion to dismiss or affirm the appeal. In support of the motion, it is contended that both the praecipe and the Clerk's certificate to the transcript were insufficient. The praecipe

requested "a full, complete, true and correct transcript of all papers, orders and proceedings filed, made and had in this cause." The rule now seems to be settled that if the praecipe does not call for a "transcript of the entire record" of the cause as provided in §2-3112, Burns' 1946 Replacement, but instead merely calls for specific parts thereof, this court will not consider matters in the transcript which are not specifically called for in the praecipe. This rule has been held in effect even though the matters not specifically requested are included in the transcript and are covered by the certificate of the Clerk thereto. Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, §2201, page 54. Relying upon this rule, appellee contends that in as much as the praecipe herein specifically called for a transcript of only the "papers, orders and proceedings" in the cause, that the *pleadings* which were not specifically called for are not embraced in the transcript. Appellee correctly contends that a consideration of the pleadings is necessary to the appeal. He concludes that in as much as the pleadings are not properly before the court the appeal must be dismissed and the judgment affirmed.

However, it occurs to us that appellee's contention in this regard is highly technical and that precedent for a contrary conclusion has heretofore been established. *Spencer* v. *Pettibone* (1947), 117 Ind. App. 426, 70 N. E. 2d 439. The praecipe called for "a full, complete, true and correct transcript of all papers, orders and proceedings filed, made and had" in the cause. By any reasonable construction, this request would include the pleadings and order book entries.

We next consider the sufficiency of the Clerk's certificate to the transcript. Our statute provides:

". . . the certificate of the clerk shall be in substantially the following form:

State of Indiana, County of ............... ss:

I, ........... clerk of the .......... circuit court within and for said county and state, do hereby certify that the above and foregoing transcript contains full, true and correct copies, or the originals, of all papers and entries in said cause required by the above and foregoing praecipe (or praecipes)." §2-3112, supra.

The certificate of the Clerk is as follows:

I, . . . do hereby certify the foregoing and attached to be a full, true, and complete transcript of the proceedings had . . . in the Circuit Court . . . as said proceedings now appear of record in this office."

Appellee urges that the certificate is insufficient in that it is limited to the *proceedings* had in said cause; that the pleadings, bill of exceptions, and the motion for new trial are not "proceedings" in the cause, and that therefore the certificate does not certify as to their authenticity. Appellee contends further that the certificate cannot be construed as including any of the omitted parts of the record by reference since the certificate makes no reference to the praecipe which called for the transcript of the record.

Appellee concludes that since the motion for new trial, the pleadings and the bill of exceptions containing the evidence are not certified by the Clerk, they are not in the record, and therefore that no question is presented to this court for review.

It is obvious that the certificate of the Clerk does not specifically follow the language of the statute (§2-3112, *supra*). We are aware also that our courts have not adopted a clear policy as to the sufficiency of the Clerk's certificate to the record. In earlier cases, our courts

have held that a certificate was not sufficient which merely stated "that the foregoing is a true transcript of the proceedings had in said cause, as appears by the record books of my office." *Tull* v. *David* (1866), 27 Ind. 377; *Yeoman* v. *Shaeffer* (1900), 155 Ind. 308, 57 N. E. 546. However, in other cases a certificate was held sufficient where the clerk certified that "the foregoing is a full, true and complete copy of all the papers filed, proceedings had, and judgment rendered in the above entitled cause in said court on file and of record in my office." *Logan* v. *Smith* (1880), 70 Ind. 597; *Vail, Executor* v. *Rinehart* (1885), 105 Ind. 6, 4 N. E. 218. Also, in the more recent case of *Spencer* v. *Pettibone, supra,* a similar certificate was held to be sufficient although it omitted the words "all papers." Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, §2344, ch. 46, p. 135, *Comment* 2.

A decision upon this issue must be influenced by the fact that the present rules of procedure were designed to simplify appellate procedure and that it is the present tendency of our courts to liberally construe them to accomplish that purpose. *Hunter* v. *Stump* (1947), 118 Ind. App. 84, 86, 76 N. E. 2d 696; *Hayes Freight Lines* v. *Oestricher* (1946), 117 Ind. App. 143, 68 N. E. 2d 792. Therefore, the question here presented is whether the term "full, true and complete transcript of the proceedings had in said cause as said proceedings appear of record in this office" (as certified to by the Clerk), if liberally construed, is sufficiently broad to include and authenticate the entire record in the cause as provided by §2-3112, *supra.*

In its liberal or general sense, the word "proceedings" has been defined as follows: "In a *general sense,* the form and manner of conducting judicial business be-

fore a court or judicial officers; regular and orderly progress in form of law; *including all possible steps in an action from its commencement to the execution of judgment."* (Our italics.) Black's Law Dictionary, Third Edition, page 1430. For similar definitions of the word "proceedings," see *Morewood* v. *Hollister* (1852), 6 N. Y. (2 Seld.) 309, 319, 320; *Gonzales* v. *Gonzales* (1921), 240 Mass. 159, 161, 133 N. E. 855, 856.

We conclude, therefore, that both the praecipe and the Clerk's certificate, although not expertly drafted, when liberally construed were sufficient. Appellee's motion to dismiss or affirm is, therefore, denied.

We proceed to consider the issues raised by appellant's assignment of errors, namely, that the judgment is not sustained by sufficient evidence and is contrary to law. The following facts must be accepted by us as having been established by the evidence. In the City of Sullivan, Wall and State streets are intersecting streets. Wall street runs east and west, and State street north and south. Appellant had been traveling west on Wall street and was in the act of turning south onto State street. Appellant's car was headed to the southwest when the collision occurred. State street was 30 feet wide from curb to curb. Cars were parked solidly on both sides of State street to the south crosswalk on Wall street. Appellee was driving north on State, upon the east side thereof, adjacent to and parallel with the cars parked on that street, when the collision occurred. The *left* front of appellant's car collided with the *right* front and side of appellee's car.

However, the evidence regarding the point of the collision, as related to the intersection generally, presents a troublesome question of fact for this court. It is upon this question of fact that the issue of negligence

hinges, yet the evidence upon this question of fact is both so vague and conflicting as to make judicial determination thereof extremely difficult.

It is appellant's position that the evidence leads inescapably to the conclusion that the collision occurred *within the intersection,* with appellant approaching to the appellee's right and he to appellant's left, under which circumstance appellant had the right-of-way. This theory was also supported by appellee's own testimony, that he was "about half way into the intersection" when he first saw appellant, that the collision occurred "almost instantly" and that his car was in "Wall" street following the collision. If the collision occurred in the above manner, we seriously question the sufficiency of the evidence to support the judgment. Appellee also testified in irreconcilable conflict with the above testimony that the collision occurred "about 10 feet south of the crosswalk on the south side of Wall street." Under the undisputed facts previously stated, we concur with appellant that it would have been physically impossible for the collision to have occurred in the place and manner last recited.

However, in addition to the testimony of the parties themselves, a witness, Mary Wallace, who came upon the scene after the collision, testified that the cars were "on the east side of State Street," "just scarcely off Wall," that appellant's car "might have been a little bit in the (Wall) street." Also, it appears from the record that, in addition to the above testimony, appellant demonstrated the facts to the court on a rough sketch of the premises, indicating the course traveled by her car prior to the collision. We must assume that this demonstration was understood by the trial court and had probative value. However, the colloquy, relative thereto, is not intelligible to us as recorded and

we are not able to question its context or sufficiency. Appellant made no objection to the manner in which this evidence was adduced or transposed, and therefore no question is presented upon that issue.

We are confronted by the fact that on the issue of negligence, the trial court may have discredited and ignored all the recorded testimony of both the appellant and the appellee and may have based his finding upon the testimony of Mary Wallace and the demonstration of the circumstance regarding the collision as made by appellant. Although this court may entertain serious doubts upon the subject, under the evidence thus presented, we cannot say as a matter of law that there was no evidence of probative value to support the fact of negligence on the part of appellant in this case.

Likewise, the evidence regarding the proximate cause of appellee's injuries presents a disturbing question. It is not disputed that the fifth lumbar vertebra was fractured. However, the facts as to when and by what cause it occurred is seriously questioned. At the trial, appellee testified that at the time of the collision and before he left the car he felt a severe pain in his back and partially turned blind; that he noticed nausea as soon as he got out of the car and before he attempted to lift and separate the bumpers of the cars. There is medical testimony that it may have been "possible" for appellee's back to have been fractured in such a collision. It is upon this evidence that the trial court necessarily concluded that the injury occurred as the result of the collision.

We have considered the fact that, in conflict with the above testimony, appellee also testified that after the parties had gotten out of their cars and surveyed the damage, appellee asked appellant to get back in her

car and see if he could separate the bumpers and that she back her car away. In connection with this incident, appellee first testified: "I was *reaching down to get hold of the bumper* to separate them and something popped in my back. . . . *Then* I became sick and everything turned black and I became nauseated and had a severe pain in my back." Later he testified, *"I did lift once."* We concur with appellant that it is within the knowledge of ordinary men that a man who had just broken his back, causing "severe pain," blindness and nausea, would not and could not (if he attempted to do so) immediately thereafter lift the bumper on a car even "once."

We have also considered the fact that, by way of impeachment, appellant introduced a written statement made by appellee, which, in part, was as follows: "No one was injured in the accident, however after I got out of the car I attempted to unlock the bumper, I evidently strained myself in pulling on the car to free it. I heard a loud pop and experienced a severe pain in the small of my back." Appellant also introduced in evidence the medical report of appellee's personal physician which, as a part of the history of the injury, recited that the injury occurred while appellee was "lifting the bumper."

Because of the above evidence, the court had reason to seriously question appellee's testimony that he suffered severe pain, blindness and nausea immediately after the collision, and any inference drawn therefrom that the collision caused the injury. However, here again we are confronted by the fact that it was the responsibility of the trial court to resolve all conflicts in the evidence, even within the testimony of the claimant himself. (32 C. J. S., §1042, p. 1127.) The trial court is the sole judge of the weight

of the evidence and the credibility of the witnesses. It is for him to determine which testimony he will believe and what he will disbelieve. And even though he find for the claimant upon evidence which is in conflict with the testimony of the claimant himself, it is not within the province of this court to disturb the judgment if there was some evidence of probative value to support the judgment.

From the evidence before him, the trial court concluded that the collision occurred as the result of appellant's negligence and that appellee's injury was sustained at the time of the collision, and that it was the proximate cause thereof. There was some evidence of probative value to support this conclusion. Whether appellee was falsifying the facts or telling the truth at the time of the trial is a question which rests with the trial judge and the God before whom appellee made his oath as a witness. It is not a subject which may be reviewed by this court.

Judgment affirmed.

Royse, J., dissents with opinion.

## DISSENTING OPINION

ROYSE, J.—I cannot agree with the majority opinion in this case. Appellee had the burden of establishing by a fair preponderance of evidence with probative value that appellant was guilty of at least one of the acts of negligence charged in his complaint and that his injuries were the proximate result of said negligence. I do not believe the evidence in the record, as accurately set out in the majority opinion, shows that appellee sustained the burden upon him necessary to sustain the judgment herein.

In fact it seems to me the majority opinion, in effect, recognizes this to be true when they say:

"It is appellant's position that the evidence leads inescapably to the conclusion that the collision occurred *within the intersection,* with appellant approaching to the appellee's right and he to appellant's left, under which circumstances appellant had the right-of-way. This theory was also supported by appellee's own testimony, that he was 'about half way into the intersection' when he first saw appellant, that the collision occurred 'almost instantly' and that his car was in 'Wall' street following the collision. *If the collision occurred in the above manner, we seriously question the sufficiency of the evidence to support the judgment.* Appellee also testified in irreconcilable conflict with the above testimony that the collision occurred 'about 10 feet south of the crosswalk on the south side of Wall street.' *Under the undisputed facts previously stated, we concur with appellant that it would have been physically impossible for the collision to have occurred in the place and manner last recited."* (My emphasis.)

To overcome this the majority relies on the statement of one witness (Mary Wallace) who came upon the scene after the collision occurred. How long after is not disclosed. Nor does this evidence indicate the automobiles were then in the same position as when the accident occurred.

I believe the interests of justice require a new trial in this case.

### On Petition for Rehearing

ACHOR, J.—In her petition for rehearing, appellant relies basically upon two major contentions. The first is that there is no evidence of probative value to support the conclusion that appellee's injuries resulted from the collision between the parties.

As indicated in our original opinion, appellee's testimony is characterized by numerous conflicts therein

which imposed upon the trial court a difficult task of determining the weight of credibility of his testimony. However, within appellee's conflicting testimony, there is evidence and reasonable inferences drawn therefrom that appellee's injuries resulted from the collision involved. Whether or not this court, on the basis of appellee's recorded testimony, might have arrived at a contrary conclusion is not for this court to decide. Our courts have not varied from the position that trial courts, sitting without jury, as triers of the facts are exclusive judges of the weight of the evidence and of the credibility of witnesses and, in the presence of some evidence in support of the finding, a court of appeal cannot substitute its judgment as to what facts were established by the evidence for that of the trial court. *Bulen* v. *Pendleton Banking Co.* (1948), 118 Ind. App. 217, 78 N. E. 2d 449; *Clapham* v. *City of Huntington* (1941), 109 Ind. App. 244, 32 N. E. 2d 118.

Appellant contends secondly that she is entitled to a new trial for the reason that "without respect to any conflicting testimony, appellee's own evidence with respect to the manner in which the injury occurred leaves it at best a matter of pure speculation whether it resulted (1) from the collision or (2) from the attempt to disengage the cars."

Appellant further asserts that if the injury occurred under the latter circumstances it was not, under the evidence, the proximate result of any negligence on the part of appellant for which appellant could be liable, but was the independent, voluntary and deliberate act of appellee himself, and was not an act made necessary by any emergency growing out of the collision, nor was it a sudden or spontaneous reaction to a real or imaginary situation of peril caused by the collision.

To the above asserted circumstances appellant would have us apply the rule that evidence which is consistent with an hypothesis of negligence or proximate cause on the one hand, and also with an absence of such negligence or proximate cause on the other, establishes neither. *Ewing* v. *Goode* (1897), (C. C., S. D. Ohio), 78 Fed. 442; *McCoy* v. *Buck* (1927), 87 Ind. App. 433, 157 N. E. 456, 160 N. E. 46.

Applying the above rule to the asserted facts, appellant concludes that although there was conflicting evidence by appellee consistent with the fact that the injury occurred during the collision as the proximate result of appellant's negligence, such evidence could not be considered as establishing the fact for the reason that appellee's testimony also supported the fact that injury resulted from lifting one of the cars following the collision, which injury was not under the evidence the proximate result of appellant's negligence.

The question of liability in event of injury resulting from lifting one of the cars following the collision was not discussed in our original opinion because the issue was considered as moot to a decision of the case, and we do not decide that issue now. Neither do we question the abstract rule of law relied on now by appellant. However, we find that the rule asserted is not applicable to the facts before us. Here we do not have a circumstance of the same testimony supporting divergent hypothesis within the rule relied upon. Rather we are confronted with distinct and conflicting testimony which supported each of the divergent hypothesis. Appellee's testimony that he suffered pain, nausea and blindness at the time of the collision and before he attempted to disengage the cars is consistent only with

128

the hypothesis that the injury occurred as the result of the collision.

The fact that the conflicting testimony came from the appellee himself did not negative the fact of its existence. It merely imposed upon the court, and the trial court alone, the duty of resolving these conflicts, weighing the evidence and deciding the case accordingly. The trial court having rendered judgment upon the evidence before him, this court will not disturb his finding.

Royse, J., dissents.

NOTE.—Reported in 119 N. E. 2d 20.

Rehearing denied 121 N. E. 2d 435.