**Robert C. DICK, Plaintiff-Appellant,**

v.

**Judith Leah CAREY, Defendant-Appellee.**

**No. 16852.**

United States Court of Appeals
Seventh Circuit.

March 18, 1969.

Floyd F. Cook, Kokomo, Ind., Cook & Cook, Kokomo, Ind., and Shaffer, Butt & Bass, Albuquerque, N. M., of counsel, for appellant.

Hugh Watson, Robert F. Zoccola, Indianapolis, Ind., for appellee.

Before HASTINGS and KNOCH, Senior Circuit Judges, and CUMMINGS, Circuit Judge.

KNOCH, Senior Circuit Judge.

Plaintiff-appellant Robert C. Dick, brought suit against Judith Leah Carey, defendant-appellee, and Joseph Arnold Franklin Jr. to recover damages for personal injuries sustained in an automobile accident. Under a covenant not to sue, a settlement was made with Mr. Franklin and the cause dismissed as to him.

Although the parties espouse diametrically opposed legal theories, the facts are largely undisputed as set forth in depositions taken from the plaintiff, the defendant and Mr. Franklin. Plaintiff was injured in a collision between an automobile driven by Mr. Franklin and another automobile in which plaintiff was riding, which was driven by the defendant. This latter automobile was owned by the University of Illinois and had been checked out of a car-pool by the defendant.

The defendant filed a motion for summary judgment which the District Court allowed and this appeal followed.

At the time of the collision, plaintiff was in the employ of Stanford University and defendant in the employ of the University of Illinois. Each was attending a tournament at Indiana University in Bloomington, Indiana, in charge of a debating team. Plaintiff was planning to teach at the University of New Mexico in the fall of 1965. Defendant had recently graduated from that University. They met at a banquet held in connection with the debating tournament. They had a mutual acquaintance in a department head at the University of New Mexico. After the banquet there was a dance. Plaintiff was interested in knowing about classes and department changes at the University of New Mexico. The plaintiff and the defendant, seeking a quieter place in which to talk, left in the University of Illinois automobile, driven by the defendant, to seek a restaurant serving coffee, but en route changed their minds and went instead to a tavern, arriving about 10:15 or 10:30 P.M., where both testified that plaintiff had two beers and defendant one.

They left the tavern shortly after midnight April 13, 1965. Defendant was driving. Defendant testified that she was not familiar with the city and not sure of her way.

Plaintiff testified that he had no recollection from the time he entered the automobile after leaving the tavern. Defendant remembered driving east on 13th Street and stopping at a stop sign on the west side of Indiana Avenue, discussing the route to take and looking around for a sight of the University buildings, then looking south to an underpass on Indiana Avenue and seeing no traffic. She did not remember starting the automobile again after that.

Mr. Franklin said he was driving north on Indiana Avenue, a preferential street, about 12:10 A.M. on April 13, 1965. At the underpass he was traveling at about 30 miles per hour. As he approached 13th Street he did not see the automobile driven by defendant until it came through the stop sign and the two automobiles collided in the right hand lane of Indiana Avenue.

Plaintiff asserts that he was not a "guest" being transported without payment as the University of Illinois provided this automobile for "official use only" as stated in a sign on the door and the University's forensics budget paid a mileage allowance to the University's car-pool for the gasoline, oil, etc. consumed in the entire trip, that defendant was on official business as indicated by the fact that she received Workmen's Compensation benefits. Plaintiff also received Workmen's Compensation benefits from his University employer. Thus plaintiff sees himself as a business invitee and the trip as a mutual enterprise.

In the alternative, plaintiff charges that defendant wrongfully used this automobile and both parties were in joint possession as borrowers (rightfully or wrongfully) with joint right of control, excluding any guest relationship. When asked by counsel whether she considered plaintiff had a right of control as to the route, defendant said she gave no

consideration to that but considered it to be a mutual enterprise in which she was willing to consider his opinion and she thought she probably asked for his opinions. When asked if they traveled by mutual consent, she said "yes," as he made no objection and appeared to agree.

Plaintiff also argues, in the alternative, that in fact he was the host and defendant was his guest and the mere fact that she was driving did not change the relationship.

Plaintiff also charges the defendant with wilful and wanton misconduct in that knowing the stop sign was there and that Indiana Avenue was a preferential, through highway, she deliberately drove 40 feet without looking and wilfully and wantonly drove through the intersection without yielding the right of way to Mr. Franklin.

Plaintiff also asserts that contrary to the findings of the District Court issues of fact do exist. He sees these issues as concerning a possible wrongful use of the University of Illinois automobile which might put the parties in joint possession and control, the existence of an engagement in a mutual enterprise at the time of the collision, their status as host and guest, the possible negligence of defendant in the light of Mr. Franklin's statement that he did not see her automobile at the intersection until the collision. Thus plaintiff contends that the Court in making findings of fact was really determining disputed issues, particularly in simplifying the matter of "payment." Plaintiff argues that defendant as well as plaintiff (who was seeking information about the University of New Mexico) had something to gain, as a part of her job, in exchange of professional ideas, to which the trip away from the noisy hall was merely incidental.

▉▉▉ We believe that plaintiff is applying a very strained interpretation to the undisputed facts. Defendant's position, with which the District Court

agreed, is that on the undisputed facts plaintiff was being transported by defendant "without payment therefor" for a purpose purely social so far as defendant was concerned. The sole reason given for this trip was to transmit information about the University of New Mexico to plaintiff. Both plaintiff and defendant were in complete accord on what occurred until they returned to the automobile after leaving the tavern, which was the last thing the plaintiff remembered. Plaintiff suggested the trip. Defendant offered the use of the vehicle in her possession. Expectation of material gain rather than social companionship must have motivated the operator in inviting the other person to ride to take him out of the "guest" classification. Liberty Mutual Insurance Co. v. Stitzle, 1942, 220 Ind. 180, 185, 41 N.E. 2d 133, 135. A mere possibility of benefit is not sufficient. Albert McGann Securities Co. v. Coen, 1943, 114 Ind. App. 60, 70, 48 N.E.2d 58, 62. As to the payment made by way of "mileage" to the car-pool, that was a transfer of funds from one University department to another and surely not for or on behalf of plaintiff.

By statute, Indiana has provided that the owner, operator or person responsible for operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, absent wanton or wilful misconduct. Acts 1937, Ch. 259, § 1, p. 1229, Burns' Indiana Statutes Annotated § 47–1021.

The Supreme Court of Indiana has held that whether or not the particular "payment" alleged was such as intended by the Indiana legislature in § 47–1021 is a matter of law to be decided by the Court. Allison v. Ely, 1960, 241 Ind. 248, 259, 170 N.E.2d 371, 376. See also Knuckles v. Elliott, Ind.App.1967, 227 N.E.2d 179; Graham v. Colon, 7 Cir., 1968, 393 F.2d 166, 169, cert. den. 393 U.S. 845, 89 S.Ct. 128, 21 L.Ed.2d 115.

■ Consultation about the route back through a city with which both parties were unfamiliar falls short of equal right to direct the movements and conduct of each other in a common object or purpose. Spencer v. Pettibone, 1947, 117 Ind.App. 426, 430, 70 N.E.2d 439, 441. Plaintiff did not own this automobile. He had not been entrusted with it. Nor did he assert a right to control it.

■ Defendant's testimony was undisputed that this automobile was provided for trips on official business, that transporting the defendant and the students to the tournament was considered official business and the automobile was to be used for any necessary transportation while they were at the tournament. We are not here considering the case of a third person suing joint venturers. Nor can we agree that the plaintiff's invitation to defendant to come away for coffee could convert him into the host and the operator of the vehicle into his guest.

Wilful and wanton misconduct has been defined in Bedwell v. DeBolt, 1943, 221 Ind. 600, 607, 50 N.E.2d 875, 878, as requiring a showing that one was conscious of his conduct, knew existing conditions and knew injury would probably result, but with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some duty which produced the injuries.

■ As in Tuttle v. Reid, 1966, 247 Ind. 375, 216 N.E.2d 34, 36, there is a total lack of any suggestion of evidence that defendant had a mental attitude adverse to the welfare of the plaintiff or any perverse motive in that misconduct was conscious or intentional and that under the known circumstances she knew that injury would probably result. See also Reynolds v. Langford, 1961, 241 Ind. 431, 439, 172 N.E.2d 867, 870.

In Rickner v. Haller, 1954, 124 Ind. App. 369, 377, 116 N.E.2d 525, 528, cited by plaintiff, there was evidence that the driver consciously disregarded a stop sign and entered a preferential highway with conscious indifference to the likelihood of injury despite his knowl-

edge that the traffic at that time was particularly heavy.

We find no error. The judgment of the District Court is affirmed.

Affirmed.