EDWARD O. MINNIEAR *v.* ESTATE OF HAROLD B. METCALF.

[No. 572A216. Filed September 5, 1972. Rehearing denied October 16, 1972. Transfer denied April 2, 1973.]

*Bennett & Boehning,* of Lafayette, for appellant.

*Ice, Miller, Donadio & Ryan,* of Indianapolis, *Williams, Cone & Billings,* of Greenfield, for appellee.

ROBERTSON, J.—Minniear petitioned Metcalf's Estate for recovery of personal property consisting of 107 bags of un-

circulated coins which were alleged to be in the possession of the Estate. Metcalf's Estate filed a counterclaim seeking reimbursement for payment of a loan secured by the coins as a contingency to any recovery by Minniear.

Trial by the court without a jury was had and resulted in a judgment allowing Minniear to recover the bags of coins upon payment of $7,601.21, the amount of the loan principal and interest, to the Metcalf Estate. Thereafter, Minniear filed a Motion to Correct Errors, which was subsequently overruled, alleging that the trial court's decision was contrary to law and contrary to the evidence.

The substance of Minniear's argument on appeal is that under a written agreement between Minniear and the decedent whereby Metcalf, a coin speculator, would invest Minniear's money along with borrowed funds in coins, a joint venture or in the alternative a partnership was created and under such a relationship it was Metcalf's obligation to repay any loans obtained by him to purchase coins. In response thereto, it is contended by the Estate that a principal/agent relationship was created thereby making Minniear as the principal responsible for the loans.

The facts giving rise to this litigation, which were stipulated at trial, reveal that Minniear transferred $6,000 to Metcalf in February of 1964. A portion of the money was returned to Minniear with the remaining $4,020 being used to purchase bags of rolled uncirculated pennies under the terms of a written agreement entered into and signed by the respective parties. The coins were purchased in part with the $4,020 and partly with bank loans secured by the coins as collateral. The agreement was totally silent as to which party would bear the responsibility for repayment of any borrowed funds. Metcalf paid the interest on the loans until his death, after which time the Estate continued to pay the interest until February, 1969, when the Estate repaid the entire loan.

A further portion of the stipulated facts shows that Metcalf's attorney had indicated, by letter, to Minniear that a substantial life insurance trust existed out of which there would be cash available to prevent forced liquidation of the coins in the event of Metcalf's death. Also included in the stipulation was the agreement of settlement compromising multitudinous claims, including the insurance trusts, by the administrator of the Estate.

In determining whether or not the trial court's judgment is contrary to law, as alleged by Minniear, we must apply the appropriate test as stated in *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N. E. 2d 573, to the facts of this case.

> "It is only where the evidence is without conflict and leads to only one conclusion and the trial court reached a contrary conclusion that the decision will be disturbed as contrary to law, *i.e.*, that is where it affirmatively appears that reasonable men could not have arrived at the same judgment or conclusion. In this context, this Court, as a reviewing court, will consider only the evidence most favorable to the decision of the trial court." (Citations omitted.) 275 N. E. 2d 576.

Upon review of the evidence most favorable to the court's decision we cannot say, as a matter of law, that the evidence is without conflict and leads to only one conclusion and the trial court reached a contrary conclusion. The stipulation of facts under which this cause was tried provides sufficient evidentiary support for the conclusion that a principal/agent relationship existed between Minniear and Metcalf.

The courts of this state have consistently followed the definition of agency as originally set out in the Restatement of Agency.

> "Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Restatement of the Law of Agency, Vol. 1, § 1, p. 7. Also see: *De-*

*partment of Treasury* v. *Ice Service, Inc.* (1942), 220 Ind. 64, 41 N. E. 2d 201; *Lincoln Nat. Bank & Trust Co.* v. *Parker* (1941), 110 Ind. App. 1, 34 N. E. 2d 190, 37 N. E. 2d 5.

From an examination of the investment agreement and the stipulated facts, it is clear that evidence existed from which the trial court could reasonably find that Metcalf acted on behalf of Minniear, with his consent, and subject to his control. Under the terms of the agreement Metcalf consented to purchase and sell coins on Minniear's behalf and to account to Minniear as to the details of each such transaction. Metcalf was expressly prohibited from selling any coins at a loss without the written consent of Minniear. Furthermore, Minniear could at any time require Metcalf to sell any or all of the coins. While these facts may not indicate that Metcalf was at all times subject to Minniear's complete control, they do, nonetheless, provide evidence of such a degree of control as would warrant the trial court to find that a principal/agent relationship existed.

It is of further significance that the "Agreement Transactions" which described the particular details of each transaction, such as the coins purchased and the respective amounts of borrowed funds and cash used to make the purchase, bear the signature of Minniear as the purchaser of the coins. Neither the initial investment agreement nor the subsequent transaction agreements make any mention of Metcalf contributing funds to the purchase of coins. It would thus appear that the element of joint proprietary interest necessary to prove a joint venture is fatally lacking. *Baker, etc. et al.* v. *Billingsley, et al.* (1956), 126 Ind. App. 703, 132 N. E. 2d 273. Furthermore, the fact that the undertaking was characterized in the agreement as a joint venture is not, Minniear's suggestion to the contrary, standing alone conclusive proof of the true legal nature of the relationship.

For the foregoing reasons we find that the trial court's judgment is not contrary to law and for those same reasons we further find that the judgment is not contrary to the evidence.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 286 N. E. 2d 700.