ENGLE, ADMINISTRATOR, *v.* DIRECTOR GENERAL OF RAILROADS.

[No. 11,308. Filed December 7, 1921. Rehearing denied March 17, 1922. Transfer denied October 5, 1922.]

1. TRIAL.— *Instructions.— Directing Verdict.—* The giving of a peremptory instruction for defendant is warranted only when the evidence is clearly insufficient to establish one or more facts essential to plaintiff's right of recovery. p. 549.

2. NEGLIGENCE.—*Proximate Cause.—Question for Court.—*In an action for wrongful death, where the facts are undisputed, and of such a character that only a single inference can be drawn therefrom by any fair and reasonable mind, the question of whether the acts of negligence alleged were the proximate cause of the injuries of decedent is one of law for the court. p. 550.

3. NEGLIGENCE.—*Proximate Cause.—Definition.—*The proximate cause of an injury is the act that immediately causes, or fails to prevent, an injury that might reasonably have been anticipated would result from the negligent act or omission charged, and without which such injury would not have occurred. p. 550.

4. NEGLIGENCE.—*Proximate Cause.—Intervening Cause.—*Where there is an independent responsible agency, which directly causes the injury, intervening between defendant's negligence and the injury, the question whether the original negligence is to be regarded as the proximate cause of the injury, or only as a condition, or remote cause, is to be determined by whether the agency which intervened was of such a character, and the circumstances under which it occurred, were such that it might have been reasonably expected that such an agency or a similar one would intervene in such a way as to likely produce an injury similar to the one actually caused; and if, under the circumstances, the intervention of such an agency might reasonably have been expected in the usual course of events and according to common experience, then the chain of causation extending from the original, wrongful act to the injury, is not broken by the independent, intervening agency, and the original wrongful act will be treated as the original cause. p. 551.

Engle, Admr., *v.* Director General Railroads—78 Ind. App. 547.

5. NEGLIGENCE.— *Proximate Cause.*— *Intervening Agency.*— An independent intervening agency over which the original tort-feasor had no control, and which was not put in motion by the original wrongful act, will be treated as the sole proximate cause of the injury produced, where the character of such intervening agency, and the manner of the intervention were such as, under the circumstances, could not reasonably have been expected to occur in the ordinary course of nature and according to common experience. p. 551.

6. CARRIERS.—*Injuries to Passengers.—Negligence.—Proximate Cause.*—Though the presence of an automobile upon a highway crossing over railroad tracks might reasonably have been anticipated by the negligent operators of a train, they could not have anticipated that the automobile, when struck by the train, would be thrown against a switch stand in such a manner as to open the switch and cause the train to collide with a string of cars standing on the switch track, so that the negligent operation of the train was not the proximate cause of injuries resulting from the collision with the cars. p. 552.

7. CARRIERS.—*Injuries to Passengers.—Negligence.—Complaint. —Theory.*—In an action against a railroad company for injuries to a passenger sustained in a collision between a passenger train and a string of cars upon a switch track, charges of negligence in the complaint relating to the speed of the train at the time and place where it left the main track, and the failure of the engineer to keep a proper lookout, with the result that the passenger train left the main track and collided with the cars, do not charge failure to exercise due care to stop the train after it left the main track, so that plaintiff was not entitled to recover for such negligence, even if shown by the evidence, as a recovery cannot be had on a theory different from that presented by the complaint. p. 553.

8. CARRIERS.— *Injuries to Passengers.— Doctrine of Res Ipsa Loquitur.—Scope and Applicability.*—The presumption of negligence of a carrier, which under the doctrine of *res ipsa loquitur* arises in favor of a passenger injured in a collision, stands only until overthrown by proof of other facts, so that, where the undisputed facts show that the injury to a passenger occurred in such a manner as to overthrow any presumption of negligence in his favor by reason of his presence on the train as a passenger, he cannot recover for his injuries under that doctrine. p. 554.

From Tippecanoe Superior Court; *Henry H. Vinton,* Judge.

Action by Robert R. Engle, administrator of the estate of Margaret Malinda Engle, deceased, against the Director General of Railroads. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Frank Kimmel, Edgar D. Randolph* and *Charles R. Milford,* for appellant.

*C. C. Hine* and *Alfred Evens,* for appellee.

BATMAN, P. J.—Action by appellant against appellee to recover the damages sustained by the next of kin of the former's decedent, whose death it is alleged was caused by the following acts of negligence on the part of the latter, in maintaining its road bed and equipment, and in operating a certain train over the same, on which appellant's decedent was a passenger: (1) Said train was operated at too great a rate of speed, considering the location and the danger of it leaving the main track and entering the side track. (2) The engineer in charge of the locomotive attached to the train failed to keep a proper lookout. (3) Worn and rusted appliances were used to hold the main track and side track in place. (5) There was a failure to maintain the ground, rails, ties and spikes in a proper condition. There was originally a fourth specification of negligence, but it was withdrawn by appellant. After issues were joined the cause was submitted to a jury for trial, and at the conclusion of the evidence, the court instructed the jury to return a verdict in favor of appellee, which was accordingly done, and a judgment duly rendered thereon. Appellant filed a motion for a new trial, which was overruled, and this appeal followed.

The action of the court in giving the jury a peremptory instruction to return a verdict in favor of appellee is made the basis of the only question presented for our determination. The giving of this instruction cannot be upheld unless we are able

550    APPELLATE COURT OF INDIANA,

Engle, Admr., v. Director General Railroads—78 Ind. App. 547.

to say that the evidence is clearly insufficient to establish one or more facts essential to appellant's right of recovery. One of such facts is, that one or more of the acts of negligence charged was the proximate cause of the injuries alleged. The undisputed evidence shows that the train on which appellant's decedent was a passenger, at the time of the accident in question, was going in a southerly direction over appellee's track in the town of Monon at about noon; that when it reached Fifth street in said town it struck an automobile and threw it against a switch stand, located a little to the south of the street, and thereby turned the track to such an extent that the train ran off the main track onto a switch track, and struck a cut of cars standing thereon, resulting in appellant's decedent being thrown from the seat in which she was riding, and being severely

2. injured. These facts being undisputed, and of such a character that only a single inference can be drawn therefrom by any fair and reasonable mind, the question as to whether the acts of negligence alleged, if proved, were the proximate cause of the injuries of appellant's decedent is one of law for the court. *Chicago, etc., R. Co.* v. *Mitchell* (1914), 56 Ind. App. 354, 105 N. E. 396. It is obvious that a determination of this question will be decisive of this appeal.

Proximate cause has been given definitions, varying somewhat in form, but all containing a central idea, which is substantially the same. One approved

3. by a comparatively recent decision of the Supreme court is as follows: "'Proximate cause is the act that immediately causes, or fails to prevent, an injury that might reasonably have been anticipated would result from the negligent act or omission charged, and without which such injury would not have occurred.'" *Cincinnati, etc., R. Co.* v. *Armuth* (1913), 180 Ind. 673, 103 N. E. 738. To the same effect are

MAY TERM, 1922. 551

Engle, Admr., v. Director General Railroads—78 Ind. App.'547.

the following: *City of Indianapolis* v. *Slider* (1911), 48 Ind. App. 38, 95 N. E. 334; *Terre Haute, etc., Traction Co.* v. *Hunter* (1916), 62 Ind. App. 399, 111 N. E. 344.

In determining whether a given act of negligence is the proximate cause of an alleged injury, a question involving the existence and effect of an intervening responsible agency frequently arises. The undisputed facts in the instant case clearly show the presence of such an agency, which became a factor in causing the injuries to appellant's decedent. This being true, we need only consider the effect of such factor. This court has heretofore stated the rule in this regard to be as follows:

"Where there is an intervening, responsible agency, which directly produces the injury, as in this case, the question as to whether the original negligence is to be regarded as the proximate cause of the injury, or only as a condition, or remote cause, is to be determined by ascertaining whether the agency which intervened was of such a character, and the circumstances under which it occurred were such, that it might have been reasonably expected that such agency or a similar one would intervene in such a way as to be likely to produce an injury similar to the one actually caused. If, under the circumstances, the intervention of such an agency in the manner stated might reasonably have been expected in the usual course of events and according to common experience, then the chain of causation, extending from the original wrongful act to the injury, is not broken by the independent, intervening agency, and the original wrongful act will be treated as the proximate cause. * * * On the other hand, if the agency intervening was one over which the original tort feasor had no control, and which was not put in motion by the original wrongful act; and if the character of the intervening

agent, and the manner of the intervention, were such as, under the circumstances, could not reasonably have been expected to occur in the ordinary course of nature and according to common experience, then such independent agency so intervening will be treated as the sole proximate cause, and the original wrongful act will be treated as only a condition." *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822.

In the instant case the circumstances of the accident were not only unusual, but the probability of their occurrence extremely remote. That an automobile

6.    should suddenly appear upon a railroad track and be struck by an approaching train is not a matter of unusual occurrence, and is one that might reasonably have been anticipated, but that such a collision should result in the automobile being thrown against a switch stand in such a manner as to open the switch is a possibility so remote as to be beyond the realm of events, reasonably to be anticipated. This being true, the independent agency so intervening must be treated as the sole proximate cause of the injuries to appellant's decedent. We are supported in this conclusion by the reasoning in the case of *Evansville, etc., R. Co.* v. *Welch* (1900), 25 Ind. App. 308, 58 N. E. 88, 81 Am. St. 102, which involved injuries received by a man, standing on the platform of a railroad station, by being struck by the body of another man, which was hurled against him by a passing engine, the court saying: "But such an injury can not be said to be one which the most prudent man would have anticipated. The manner in which appellee was injured was unusual and extraordinary and contrary to common experience. It was such an injury as could not have been foreseen or reasonably anticipated as the probable result of appellant's negligent acts. Under such circumstances there is no liability." The reasons on which the decision in that case was based

apply with much greater force here, since it would have required a double anticipation to have foreseen that the accident in question might result, viz.: that the switch stand might be struck by an automobile in collision with its train, and that the striking of such stand might open the switch.

Appellant contends that the evidence shows that the engineer in charge of the locomotive attached to the train in question could have stopped the train

7. after it entered the switch, but before it struck the cut of cars standing thereon, had he used due care. In answering this contention it suffices to say, that an examination of the complaint fails to show any charge of negligence, based on acts occurring after the train entered the switch track. The first charge relates to the speed of the train, "at the time and place where it left the main track and ran onto the side track." The second charge relates to the failure of the engineer to keep a proper lookout, "with the result that said passenger train left said main track, ran on said side track and collided with the cars." These are the only charges of negligence alleged in the complaint on which appellant attempts to make any point in his brief, and it is obvious that neither of them attempts to charge, that the engineer, operating the locomotive in question. failed to keep a proper lookout, or use proper efforts to stop said train, after it entered the switch track. This fact would prevent a recovery on any such theory, even if it could be said that the evidence would sustain it, under the well settled rule that a party cannot recover on a theory different from that presented by his complaint. *Pennsylvania Co.* v. *Walker* (1902), 29 Ind. App. 285, 64 N. E. 473; *McKernan* v. *Estabrook* (1917), 66 Ind. App. 212, 115 N. E. 956, 117 N. E. 260.

Appellant also seeks to avail himself of the doctrine of *res ipso loquitur,* but it cannot aid him under the facts

of this case. It is well settled that the presumption of negligence, which arises in favor of an injured passenger, only stands until negatived and overthrown by proof of other facts. *The Louisville, etc., R. Co.* v. *Hendricks* (1891), 128 Ind. 462, 28 N. E. 58; *Cleveland, etc., R. Co.* v. *Hadley* (1907), 170 Ind. 204, 82 N. E. 1025, 84 N. E. 13, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1. As to the degree of care necessary to relieve a carrier from a charge of negligence resulting in an injury to a passenger, see *Union Traction Co.* v. *Berry* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737. In the instant case the undisputed facts show that the accident in question occurred in such a manner as to overthrow any presumption of negligence in favor of appellant by reason of the fact that his decedent was a passenger on appellee's train.

For the reasons stated we conclude that the court did not err in giving the peremptory instruction to return a verdict for appellee. No other cause for a new trial being presented, we hold that there was no error in overruling appellant's motion therefor. Judgment affirmed.