HAKE ET AL. *v.* MOORHEAD, ADMINISTRATOR.

[Nos. 20,225 and 20,226. Filed January 9, 1967. Rehearing denied February 24, 1967. Petition to Transfer denied July 20, 1967.]

*H. Hugh Kennerk,* of Fort Wayne, and *Albert W. Ewbank,* of Indianapolis, both for appellants.

*Mentor Kraus, William F. McNagny, J. A. Bruggeman* and *Barrett, Barrett and McNagny,* of Fort Wayne, and *C. Wendell Martin,* of Indianapolis, all for appellee.

CARSON, J.—This is a consolidated case arising out of an automobile accident which occurred March 9, 1962, when a car owned by Darlean Hake and operated by her husband,

Henry Hake, was involved in an accident with a car driven by decedent. The accident occurred on a bridge on the Arcola Road where it crosses the Seegar ditch.

Darlean Hake filed a complaint for damages to her car and Henry Hake filed a complaint for personal damages. To each of these complaints, defendant filed an answer under Rule 1-3. Then defendant filed a motion, which was granted, to consolidate both cases. Trial by jury and verdict was for the defendant.

A motion for new trial was filed and was captioned with the name of both plaintiffs. The motion for new trial was overruled and appeal was perfected to this court with both cases being consolidated for appeal. There are two assignments of error. In one, the husband alleges the overruling of the motion for new trial; and in the other, the wife alleges the same.

Appellee filed a motion to dismiss or too affirm; the motion to dismiss was denied by Prime, Chief Justice.

Appellee contends that he cannot determine which appellant is complaining about what or how either appellant claims to have been harmed by alleged error. In the case at bar, since there was uncontradicted evidence to the fact that the husband was engaged in driving to the bank for the purpose of depositing funds which were derived from a joint business into a joint bank account, the negligence of the husband would be imputed to the wife; and therefore, the wife could not recover if the husband was prevented recovery by his contributory negligence. Defendant's Instruction No. 19A which was given by the court is to this effect. In such a situation it would be elementary to say that an instruction which was objectionable to the husband's case would automatically be objectionable to the wife's.

Appellant alleges as error the giving of appellee's Instruction No. 13 which is as follows:

"The right of way upon a narrow bridge is not an absolute right which may be exercised under all conditions, and if the first individual to reach a narrow bridge or to enter it sees or should see in the exercise of reasonable care, that to insist upon the right of way would probably result in a collision, it is the duty of such person to use ordinary care to avoid a collision even to the extent of yielding his right of way and his failure to do so under these conditions would be evidence of negligence on his part.

"Therefore, if you find that the plaintiff, Henry Hake, could have or should have seen the automobile operated by the decedent Ted Belcher in time to have avoided colliding with him, but he nonetheless attempted to enter a narrow bridge and did so collide with him, and that such action on his part was a proximate cause of the accident, then I instruct you to return a verdict in favor of the defendant in the suit brought by Henry Hake."

Appellant objected to this instruction in that it invaded the province of the jury by pre-determining the factual question whether the bridge was so narrow that two motor vehicles in the exercise of ordinary care could not pass thereon.

The pleadings allege that the Arcola Road is a narrow road, seventeen (17) feet in width. No where in the pleadings is the bridge characterized as a narrow bridge. The testimony from various witnesses concerning the width of the bridge is as follows:

## JAMES FLAUGH DIRECT EXAMINATION

"Q. About how wide a bridge was that? What is your best judgment?

A. Well, those bridges never was as wide as the pavement proper so I'd say it must have been about 15 foot or 16 foot at the most.

\* \* \*

## JAMES FLAUGH CROSS EXAMINATION

"Q. Maybe we can draw it up here and see it better this way. I think you said the bridge was a little narrower than the road?

A. Uh-huh, they generally always are.

DONALD SMITH DIRECT EXAMINATION

"Q. Now, Trooper Smith, state to the court and jury the dimensions, the inside dimensions of the bridge on the Arcola Road and the Seegar Ditch.

A. The bridge at the inside measured fifteen feet ten inches.

Q. Now that is the travel portion of the bridge, is that correct?

A. Yes, that is between the rails.

KENNETH BOGER DIRECT EXAMINATION

"Q. Mr. Boger, do you know the width of a 1957 Chevrolet automobile?

A. The outside measurements are six foot one inch.

Q. And when you say the outside measurements, would you explain that, please?

A. Well, that would be measuring across the back of the trunk lid to the outside of the molding on the side of the car to the other molding.

Q. Do you know the width of a 1952 Cadillac two-door convertible?

A. That is six foot and three inches wide."

In light of the evidence presented that the bridge, although its width left something to be desired, was wide enough for both cars to pass, we are of the opinion that this instruction was not applicable to the evidence introduced at the trial. The duty this instruction placed on the plaintiff-appellant was not applicable under the evidence. It was reversible error for the trial court to give this instruction, *Bodine* v. *Justice* (1949), 119 Ind. App. 393, 85 N. E. 2d 504.

Instruction No. 13 is a mandatory instruction. It has long been held that a mandatory instruction stands alone and cannot be cured by other instructions, *Callahan* v. *New York Central Railroad* (1962), 134 Ind. App. 232, 180 N. E. 2d 547, 183 N. E. 2d 93. *Snow* v. *Sutton* (1960), 241 Ind. 364, 170 N. E. 2d 816.

Therefore, the motion to affirm is denied and the judgment is reversed and case remanded to the trial court for new trial.

Judgment reversed.

Cooper, C. J., not participating.

Faulconer, Prime, JJ., concur.

NOTE.—Reported in 222 N. E. 2d 617.