ILO F. STAUFFER, ADMINISTRATRIX *v.* LARRY ELY.

[No. 369A42. Filed June 28, 1971. Rehearing denied August 31, 1971. Transfer denied December 6, 1971.]

John E. Hoffman, Larry T. Miller, Hoffman, Moppert & Solomon, of Fort Wayne, for appellant.

William F. McNagny, Robert Thompson, Barrett, Barrett & McNagny, of Fort Wayne, for appellee.

BUCHANAN, J.—STATEMENT OF THE CASE AND FACTS—This appeal stems from a wrongful death action filed by Ilo F. Stauffer (Administratrix) on behalf of the estate of Walter S. Stauffer, deceased (the Decedent) arising out of a collision between an automobile driven by the Decedent and a tractor trailer driven by one William E. Patterson (Truck Driver).

The single theory of complaint charges the defendant-appellee, Larry Ely (Ely) negligently and unlawfully caused the fatal accident by driving his car on State Road 14 without operating brake lights, by stopping his car on the highway, and by turning left at an intersection without signaling. The accident occurred when the Truck Drvier following the Ely car in his tractor trailer was unable to stop behind him at the intersection, and as a consequence the Truck Driver turned left across the center line of the highway to avoid hitting the Ely car in the rear. The Decedent was approaching in the opposite direction driving a panel truck. The tractor trailer and the panel truck collided head on resulting in the death of the Decedent.

Prior to trial of this cause the Decedent's estate received $75,000.00 from the Truck Driver by way of settlement.

The evidence submitted at trial in support of the allegations of the complaint concerning the turn signals and the brake lights was in conflict. Both parties however introduced evidence of sufficient quantum to justify a verdict for either side.

Trial was to a jury and instructions were given by the Court including instructions No. 1 and No. 8. Instruction No. 1 was a non-mandatory instruction covering the subject of concurrent negligence.

Instruction No. 8, to which administratrix-appellant takes exception, reads as follows:

"One who operates a motor vehicle upon a public highway is bound to observe the highway in front of him so as to discover other vehicles or pedestrians thereon and to avoid colliding therewith and to keep his vehicle under such control that he may readily operate or stop the same to avoid a collision and possible injury to other persons. He is bound to see what he could have seen if he had exercised due care under the circumstances and if, in this case, you find that the truck driver, William Patterson, could have seen the automobile operated by Larry Ely and could have seen it slowing and stopping in the highway in front of him in time so that he could have slowed, stopped or turned his truck in the exercise of due care and caution required by the particular circumstances, and you find that nonetheless the truck driver failed to slow, stop or turn his truck to avoid an accident, then he was negligent in operating his truck so as to cause a collision and Larry Ely was not guilty of negligence which was a proximate cause of the accident and your verdict should be in his favor."

The objections of the administratrix to this instruction were that:

"1. The instruction is misleading and because it is a peremptory instruction the giving of the instruction is highly prejudicial to the plaintiff.

2. The instruction is an error in that it contains no provision or condition that William Patterson was the sole cause of the accident.

3. The instruction contains no provision or condition that William Patterson could have stopped his vehicle in order to avoid the accident.

4. The instruction states in effect that if the truck driver, William Patterson, was negligent in operating his truck, then Larry Ely was not guilty of negligence in operating his car and that the instruction could be so construed by the jury.

5. The matter contained in the instruction is set forth in other instructions given by the Court." (Transcript, pp. 357-358)

At the close of all the evidence the jury returned a verdict against the Decedent's estate and for the defendant Ely.

The Administratrix filed a timely motion for a new trial specifying as error giving Ely's tendered instruction No. 8 over objection. The Court overruled the administratrix's Motion for a New Trial and appeal is taken from that ruling.

*ISSUES*—There are only two issues presented by this appeal:

    I. Is instruction No. 8 mandatory?

    II. If instruction No. 8 is mandaotry, is it defective so as to constitute reversible error?

The Administratrix asserts several errors insofar as instruction No. 8 is concerned. Two of them are pertinent. She first contends that the instruction is mandatory and because of its defects highly prejudicial to her cause.

Secondly, and more specifically, she asserts it is misleading in that it is an incomplete statement of law because it omits the possibility of both the Truck Driver and Ely being guilty of negligence which was the proximate cause of the accident.

Ely's retort is that the instruction is not mandatory nor prejudicial and that the instruction does no more than tell the jury that if Ely was not guilty of negligence which was the proximate cause of the accident, they should return a verdict in his favor.

## DECISION

1. It is our opinion that instruction No. 8 is mandatory.

A mandatory instruction is defined by Judge Arterburn in *Perry* v. *Goss,* (1970) 253 Ind. 603, 255 N. E. 2d 923, as one which attempts "to set up a factual situation directing the jury to a certain result. . . ." He also says in this opinion that "although mandatory instructions are not

necessarily bad we look with disfavor upon their use because the risk involved in making a statement of the evidentiary facts under which the law would mandate a certain result, *White* v. *Evansville American Legion Association* (1965), 247 Ind. 69, 210 N. E. 2d 845."

Instruction No. 8 specifically sets out a particular set of facts concerning the collision and instructs the jury that they "should" reach a verdict in favor of Ely if they find the facts to be as narrated in the Instruction. While the use of the word "should" does not necessarily indicate mandate, it has been held to be directive in nature as opposed to the use of the word "may". See *Keeshin Motor Express Company* v. *Sowers* (1942), 221 Ind. 440, 48 N. E. 2d 459; *Lynch* v. *Bates, et al.* (1894), 139 Ind. 206, 38 N. E. 806. Furthermore, it is not necessary that an instruction contain the words "you shall return a verdict" in order for it to be mandatory under the law of this state. If the practical result of the language used is the same, then the instruction is mandatory in nature. *Wachtstetter* v. *Hardin* (1969), 145 Ind. App. 261, 250 N. E. 2d 504; *Bayne* v. *Turner* (1968), 142 Ind. App. 580, 236 N. E. 2d 503 (Transfer Denied).

We need not strain to classify instruction No. 8 as being mandatory because it sets up a factual situation and directs the jury to reach a certain result.

II. Instruction No. 8 is fatally defective in that it is an incomplete statement of the law flowing from the facts recited, and its submission to the jury is therefore reversible error.

The critical, and we think erroneous, portion of the instruction is as follows . . . "and you find that nonetheless the truck driver failed to slow, stop or turn his truck to avoid the accident, then he was negligent in operating his truck so as to cause a collision *and* Larry Ely was not guilty of negligence which was the proximate cause of the accident and your verdict should be in his favor." (Emphasis Supplied)

The effect of this language is that liability for the negligence which was the proximate cause of the collision must rest on *either* the Truck Driver *or* Ely. The instruction assumes that if the Truck Driver is guilty of any negligence, then Ely could not also be guilty of any negligence which was a proximate cause of the collision. It interposes the negligence of the Truck Driver as an intervening cause which breaks the chain of causation set in motion by Ely's alleged negligence. Omitted is the legal possibility that the negligence of *both* Ely and the Truck Driver could have been the proximate cause of the accident.

Our foundation for this position rests on well established Indiana cases. The proximate cause of an injury is the efficient cause, the one that necessarily sets the other causes in operation. *Sarber* v. *City of Indianapolis* (1920), 72 Ind. App. 594, 126 N. E. 330. The mere intervention, however, of an independent negligent act, as in this case, will not in and of itself relieve the original negligent actor of legal responsibility. *Engle* v. *Director General of Railroads* (1922), 78 Ind. App. 547, 133 N. E. 138; *Cleveland C.C. & St.L. Ry. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822. Under Indiana law an intervening negligent act breaks the chain of liability only if that intervention could not have been reasonably foreseen by the original negligent actor. *Leatherman* v. *Gateway Transportation Company* (7th Cir. 1964), 331 F. 2d 241. In short, reasonable foreseeability is still the fundamental test of proximate cause, and this rule is not changed by the existence of an intervening act or agency. *Phares* v. *Carr* (1952), 122 Ind. App. 597, 106, N. E. 2d 242.

Thus the element of foreseeability as it related to the consequences of Ely's alleged negligence was not presented to the jury in this instruction.

A mandatory instruction must set out all the elements or facts essential to justify the compulsive verdict, a failure to

do so constitutes reversible error. *Davison* v. *Williams* (1968), 251 Ind. 448, 242 N. E. 2d 101; *Taylor* v. *Fitzpatrick* (1956), 235 Ind. 238, 132 N. E. 2d 919. Instruction No. 1 could not cure this fatal defect since a defective mandatory instruction is not cured by the giving of other instructions. *Hake* v. *Moorhead* (1966), 140 Ind. App. 127, 222 N. E. 2d 617.

As we have indicated the missing element in this instruction is the second basis for liability in that Ely and the Truck Driver both could have been guilty of negligence which was the proximate cause of the accident. It is not a complete statement of the law from the facts set forth in the instruction.

One danger of a mandatory instruction is that the jury will be misled by reason of the incompleteness of the instruction. This happened here. The instruction was impregnated with mandate and a mix of evidentiary facts which should have resulted in the birth of twin grounds of liability against Ely for the jury to consider. Instead a miscarriage presented a single basis for liability.

The decision of the trial court is reversed, and a new trial ordered.

Sullivan, P. J., Lowdermilk and Robertson, JJ., concur.

NOTE.—Reported in 270 N. E. 2d 889.