HERBERT ACKMAN *v.* LINDA S. BULLARD.

[No. 1-1073A185. Filed September 11, 1974. Rehearing denied October 18, 1974.]

*W. Scott Montross, Townsend, Hovde & Townsend,* of Indianapolis, for appellant.

*J. Lee McNeely, Matchett & McNeely,* of Shelbyville, for appellee.

LYBROOK, J.—Plaintiff-appellant Ackman brought this action against defendant-appellee Bullard for damages for personal injuries resulting from an automobile collision. From a judgment entered upon the jury verdict for defendant, Ackman appeals.

The sole issue presented for review is whether the trial court erred in instructing the jury regarding joint enterprise.

This action arose when the vehicle in which plaintiff was a passenger and his sister, Anita Ackman, was driver, collided with the defendant's vehicle at a highway intersection in Shelby County. The intersection was not controlled by either stop signs or other traffic control devices.

On Sunday morning, November 19, 1967, plaintiff's daughter called him requesting that he bring some groceries to her house for her children's breakfast. Plaintiff then called his sister, Anita Ackman, who lived next door, and asked her to drive him to his daughter's house. Anita decided to drive her car since it was outside. She testified that she drove her brother simply as an accommodation and that he did not direct the course of travel or the manner in which she was to drive. Plaintiff testified that he gave his sister no instructions on how to drive or where to go, although it was planned that they would stop at some place along the way, which he would select, where he would buy groceries for his daughter. He further testified that they might have stayed at the daughter's house and visited awhile, but there would be no baby-sitting duties involved.

The collision occurred approximately ½ to ¾ths of a mile from plaintiff's home. Anita was driving and plaintiff was occupying the front passenger's seat. Anita testified that she did not see the Bullard automobile until the intersection. Linda Bullard stated that she did not see the Ackman car until the collision.

The ultimate question is whether the trial court committed reversible error in instructing the jury on joint enterprise. The following instruction, Defendant's No. 1, was tendered by defendant-appellee and given by the court:

"A joint enterprise is an undertaking of two or more persons for their mutual benefit or pleasure. An essential element to establish a joint enterprise is the existence of joint control over the movement and operation of the vehicle and of the course and conduct of the trip. There must be a community of interest in the object and purpose of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereto. As between the parties, there must be an agreement, either express or implied, to that effect."

In addition to the above, the court gave another defendant's instruction which allowed the jury to impute negligence from

Anita Ackman to Herbert Ackman if it was found they were engaged in a joint enterprise. Other court's instructions also concerned imputing various acts of negligence of Anita Ackman to plaintiff. Timely exceptions were made to each of the instructions, principally on the basis that there was no evidence of joint enterprise and that the defendant's instruction set out above imposed an improper standard in determining joint enterprise. Defendant's instruction 1 is identical to Indiana Pattern Jury Instruction 17.19.

The requisite elements of joint enterprise were succinctly expressed in *Keck* v. *Pozorski* (1963), 135 Ind. App. 192, 191 N.E.2d 325, wherein the court said:

> "To establish a joint enterprise, an essential element is the existence of joint control over the management and operation of the vehicle and over the course and conduct of the trip. There must be a community of interest in the object and purpose of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereto. As between the parties, there must be a contract either express or implied to that effect."

A comparison of the above language from *Keck* with defendant's Instruction No. 1 reveals that Indiana Pattern Jury Instruction 17.19 was copied verbatim from *Keck*.

In *Leuck* v. *Goetz* (1972), 151 Ind. App. 528, 280 N.E.2d 847, this court reversed the trial court for instructing the jury on joint enterprise. In that case the plaintiffs, who were husband and wife, had gone together to attend church at Reynolds, Indiana, and thereafter planned to get together with relatives at Flora, Indiana. In reversing, this court disapproved the giving of a joint enterprise instruction in cases where the application of the theory was "founded solely upon the fact that two persons, husband and wife, are embarked upon a journey to a common destination for a purely social purpose." The *Leuck* decision is of particular interest because the court quoted, presumably with approval, the following text from Prosser, *The Law of Torts* 4th Ed. (1971) § 72, pp. 477-478:

" 'One group of cases, now definitely very much in the minority and almost passing out of the picture, have found a joint enterprise in the mere association of the driver and the passenger in the use of the vehicle for any purpose in which they have a common interest of any kind. Thus friends on a pleasure trip together, members of the same family on the way to church, a group proceeding together to witness a prize fight, a prospective purchaser riding with a salesman, and fellow servants riding together in the course of their employment, have at various times been found to be engaged in a joint enterprise, by reason of that association alone, with the mutual right of control conjured up from the community of interest without more. Such decisions were condemned as in effect a restoration of discarded fictions of imputed contributory negligence in nearly all passenger cases, since it is seldom that some element of common purpose cannot be found when two persons are traveling together in a private vehicle. So many of the jurisdictions in which these decisions appear have repudiated them, or departed from them in later cases, that they are now almost entirely discredited; *and it is generally agreed that something more is required for a joint enterprise than the mere showing of a contract or agreement to travel together to a destination for a common purpose.* Something in the nature of a common business, financial or pecuniary interest in the objective of the journey is said to be essential. In this form the requirement of a mutual interest persists as a minimum in all courts, to the exclusion of all cases in which the parties are casually together for pleasure or for independent ends.' (Emphasis supplied.) "

It is important that we compare the facts in recent Indiana cases where joint enterprise instructions have been held to be applicable to the facts in other cases like *Leuck, supra,* where the court has reached the opposite result.

In *Hake* v. *Moorhead* (1967), 140 Ind. App. 127, 222 N.E. 2d 617, Darlean Hake was riding in a car driven by her husband. They were on their way to a bank for the purpose of depositing funds in a joint bank account, the funds being derived from a joint business. The court concluded that in such case the negligence of the husband would be imputed to the wife.

Likewise, in *Keck, supra,* the husband and wife, had a community of interest and purpose in the trip, in that both were riding to work to enhance the family finances and that both had an equal right of control over the vehicle. Therefore, the *Keck* court held it was proper to instruct the jury on joint enterprise.

We note that in both *Hake* and *Keck* the parties shared "a common business, financial or pecuniary interest in the object of the journey" as suggested by the *Prosser* quotation in the *Leuck* opinion.

We detect an absence of the common pecuniary interest in other recent Indiana cases where joint enterprise instructions have been held inapplicable. For instance, in *Leuck,* a husband and wife were bound for church and a family gathering, the court holding in effect that the establishment of a joint enterprise requires more than a husband and wife embarked upon a journey with a common destination and common purpose.

Likewise, in *Stallings* v. *Dick* (1965), 139 Ind. App. 118, 210 N.E.2d 82, where plaintiff stood on the rear bumper of a car in order to depress it so that it would meet the bumper of another car pushing it, it was held that although he was acting with others in attempting to push the car, this did not give rise to the legal relationship of joint enterprise.

Likewise, in *Oppenheimer* v. *Craft* (1961), 132 Ind. App. 452, 175 N.E.2d 715, plaintiff was riding as a passenger in a car driven by her son. The evidence showed that plaintiff, a widow, and her son lived together at a trailer park. At the time of the accident they were enroute from the trailer park to town where the son wanted to go to a drive-in bank to cash a check and his mother came to town to buy groceries. This court held that under those facts it was not error to refuse a joint enterprise instruction.

In the case at bar, plaintiff and his sister were riding together in her vehicle proceeding to a common destination.

It is conceded that the trip was undertaken at plaintiff's request and that he intended to select a store along the way to purchase groceries for his daughter.

Absent, however, is the common business or pecuniary interest found in *Keck* and *Hake* where joint enterprise instructions were held to be proper. The relationship between plaintiff and his sister is closely analogous to that of the parties in *Oppenheimer* and *Leuck*. As in *Leuck,* the purpose of the Ackman trip appeared to be purely social in nature and the "joint proprietary purpose" required by *Leuck* is missing. We also express difficulty in finding evidence upon which to base an inference of the mutual right to control required by *Keck*. As Dean Prosser said:

> "The prevailing view is that a joint enterprise requires something, beyond the mere association of the parties for a common end, to show a mutual 'right of control' over the operation of the vehicle—or in other words, an equal right in the passenger to be heard as to the manner in which it is driven. It is not the fact that he does or does not give directions which is important in itself, but rather the understanding between the parties that he has the right to have his wishes respected, to the same extent as the driver. In the absence of circumstances indicating such an understanding, it has been held that companions on a pleasure trip, members of the same family, parties engaged in a commercial transaction, servants riding with the employer, or fellow servants in the course of their employment, although they may have a common purpose in the ride, are not engaged in a joint enterprise. Nor, of course, is the fact that the passenger has requested the driver to make the trip for his benefit sufficient to establish such a right of control." (Footnote citations omitted.) Prosser, *The Law of Torts, supra,* at p. 478.

In *Leuck,* Judge Sullivan stated:

> "In this state, the effect of decisional law is that no liability is imputed to the spouse by virtue of a joint enterprise theory absent à showing of at least some joint proprietary purpose." (Footnote omitted.)

Since the requisite joint proprietary purpose is absent in the case at bar, the issue of joint enterprise should not have

been submitted to the jury and the instructions on that subject were improper.

Accordingly, the judgment is reversed and this cause is remanded for a new trial.

Reversed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 316 N.E.2d 444.