TERRY SERNA *v.* MICHAEL J. KIGER, WHEELS, INC., AND BAKER SPECIAL & SUPPLY CO., INC.

[No. 3-776A171. Filed March 1, 1978.]

*George Vann,* of Kentland, *Frederick J. Ball,* of Lowell, for appellant.

*James V. McGlone,* of Lafayette, for appellees.

HOFFMAN, J. — Terry Serna brought an action against Michael J. Kiger, Wheels, Inc. and Baker Specialty & Supply Co., Inc., for

damages arising out of an automobile collision near Kentland, Indiana. From a judgment entered upon the jury verdict for defendant, Serna perfected this appeal. The issue presented for review concerns whether the trial court erred in instructing the jury regarding joint enterprise and the imputation of contributory negligence from the driver to his passenger the appellant.

The record reveals the following facts and inferences most favorable to the appellees. Terry Serna and Jesse Gomez were delegates to the State Democratic Convention to be held in Indianapolis, Indiana. Being from Lake County they made arrangements with Robert Frank Segovia for the three of them to drive to Indianapolis on June 20, 1968. Although Segovia was not a delegate it was conceded that he was actively interested in Democratic politics and wanted to make the trip to the convention to help support a candidate for nomination.

After commencing their trip and while driving south on U.S. Highway 41 near Kentland, Indiana, the group decided to stop for coffee. In order to reach an approaching restaurant Segovia drove from the right lane of the dual lane highway to the left to cross the median. At the same moment appellee Kiger was driving the Baker Speciality vehicle in the left passing lane. As a result the two vehicles collided, appellees' vehicle striking Segovia's in the right rear bumper. Testimony by Kiger was to the effect that Segovia turned directly in front of him without a signal and that it was impossible for him to avoid the collision. An additional eyewitness rendered substantially the same account of the accident.

Upon this evidence appellees requested that the trial court give their Final Instruction Nos. 1 and 2 concerning respectively joint enterprise and the imputation of negligence from Segovia to appellant. The trial court refused these, but on its own motion orally gave Indiana Pattern Jury Instructions 17.19 and 17.21 which read as follows:

> " 'A joint enterprise is an undertaking of two or more persons for their mutual benefit or pleasure. An essential element to establish a joint enterprise is the existing of joint control over the management and operation of the vehicle and over the course

and conduct of the trip. There must be a community of interest in the object and purpose of the undertaking and an equal right to direct and govern the movement and conduct of each other in respect thereto. As between the parties, there must be an agreement, either expressed or implied, to that effect.' Indiana Pattern Jury Instruction 17.19

'If you find that Terry Serna and Robert Segovia were engaged in a joint enterprise as defined in these instructions, any negligence on the part of Robert Segovia is also negligence on the part of Terry Serna.' " Indiana Pattern Jury Instruction 17.21.

The defendants entered the following objections to the giving of these instructions:

"There was no evidence introduced at this trial that Terry Serna, the passenger, had any right or control over the course and conduct of the trip, nor did she have any right to manage the operation of the automobile driven by the plaintiff Robet [sic] Segovia on the trip.

The plaintiffs further object that this instruction is erroneous since it permits the Jury to find the existence of a joint enterprise where two or more persons are taking a trip for their mutual benefit or pleasure.

Under the law of Indiana, there must be a pecuniary interest existing between the two related individuals before the law of Joint-Enterprise can be invoked. There is a complete lack of evidence to establish a community of interest in the object and purpose of the trip; there has been no evidence, either direct or by implication, that any agreement existed between plaintiff Serna and plaintiff Segovia, relative to the trip, the course and conduct of the trip or the right to manage and control the operation of the automobile on the trip."

Drawn into question therefore, is whether attendance at a state political convention can be properly considered a joint enterprise of those in the vehicle such as to allow a giving of the instructions objected to.

Generally to establish a joint enterprise there should be evidence of joint control over the management and operation of the vehicle and over the course and conduct of the trip. There must be a showing of a community of interest in the object and purpose of the undertaking and an equal right to direct

and govern the movements and conduct of each other in respect thereto. Furthermore, as between the parties there must be evidence of a contract either expressed or implied, to that effect. *Oppenheimer et al. v. Craft* (1961), 132 Ind. App. 452, 175 N.E.2d 715.

In addition, recent decisional law in this state has focused upon the need for a pecuniary attribute in the common purpose requirement before a joint enterprise instruction is appropriate. In *Leuck v. Goetz* (1972), 151 Ind. App. 528, 280 N.E.2d 847 and *Ackman v. Bullard* (1974), 161 Ind. App. 437, 316 N.E.2d 444, trial court reversal was predicated on the giving of joint enterprise instructions where the facts showed no more than a common interest in the trip by the persons involved.

In *Leuck* a married couple was on a trip to attend a church social activity when their automobile collided with a pickup truck at an unmarked intersection. The court held that the passive Mrs. Leuck who exercised no right of control over the driver could not under any theory of agency have the driver's negligence imputed to her. The giving of the joint enterprise instruction was accordingly disapproved. *Leuck v. Goetz, supra.*

*Ackman* involved an automobile accident arising out of plaintiff's attempt to purchase groceries for his daughter by having his sister drive him to a store. The requisite joint proprietary purpose was considered unsupported by the evidence under such circumstances and thus the issue of joint enterprise was said to be improperly submitted to the jury in the form of Indiana Pattern Jury Instruction 17.19.

Other Indiana cases have turned on a similar appreciation of the status relationship between the driver and his passenger. *Grinter v. Haag* (1976), 168 Ind. App. 595, 344 N.E.2d 320; *Baltimore & Ohio R. Co. v. Patrick, Admtrx.* (1960), 131 Ind. App. 105, 166 N.E.2d 654; *Holmes v. Combs* (1950), 120 Ind. App. 331, 90 N.E.2d 822; *Lee Brothers v. Jones* (1944), 114 Ind. App. 688, 54 N.E.2d 108. The reason therefore was to determine whether the purpose of the passenger's trip was related to the driver's by a consideration, sufficient such that the parties could have understood between

themselves, that they were mutually responsible for the manner in which the vehicle was driven. As alluded to in *Leuck v. Goetz, supra,* the basis for this concept stems from the original notion that vicarious responsibility arises from the law of agency and that the joint enterprise itself must be reason sufficient to support the costs of any risks related thereto. *The Town of Knightstown v. Musgrove* (1888), 116 Ind. 121, 18 N.E. 452; *The Louisville, New Albany and Chicago Railway Co. v. Creek, Adm'r.* (1891), 130 Ind. 139, 29 N.E. 481. As such, each passenger would presumably be an agent of the other and the act of any one of them within the scope of the enter- prise would be considered chargeable to the rest. *Thompson v. Bell* (6th Cir. 1942), 129 F.2d 211; *See:* Prosser, *Law of Torts,* § 72, at 480 (4th Ed. 1971); *Union Traction Co. v. Gaunt* (1922), 193 Ind. 109, 135 N.E. 486.

Without this special relationship usually typified by a pecuniary interest in the enterprise the imputation of contributory negligence often becomes a mere fiction. As Prosser notes:

"The contractual agreement by which one is said to enter into such an arrangement is all too obviously a fiction in situations where the parties have merely got together for the ride; and upon this there is erected a second fiction, that the passenger shares a 'right of control' of the operation of the vehicle; and on this is erected in turn a third fiction, that the driver is his agent or servant. This topheavy structure tends to fall of its own weight. In the usual case the passenger has no physical ability to control the operation of the car, and no opportunity to interfere with it; and any attempt on his part to do so in fact would be a dangerously distracting piece of back-seat driving which might very well amount to negligence in itself.

Unless the limitation to business ventures of a character really approaching a partnership is to be accepted, the doctrine will most often be applied to enterprises which are not commercial and are matters of friendly cooperation and accommodation, where there is not the same reason for placing all risks upon the enterprise itself." (Footnote omitted) (Prosser, *Law of Torts,* § 72, at 481, (4th Ed. 1971))

In this context it would be inappropriate to attach any additional significance to a trip for the common purpose of promoting a

particular political party or candiate. No pecuniary interest was involved between the persons involved. Appellant seated in the rear seat of the automoble had no real control over the operation of the vehicle. Even had they all concurred in stopping for a cup óf coffee under the circumstances herein, it could not properly be considered a joint enterprise.

The giving of Indiana Pattern Jury Instructions Nos. 17.19 and 17.21 cannot be founded upon such evidence. The instructions were therefore inappropriate and erroneous. The judgment of the trial court must be reversed.

Judgment reversed.

Staton, P.J. concurs.

Robertson, C.J., participating by designation, concurs.

NOTE—Reported at 372 N.E.2d 1232.