Norma **MANSFIELD**, Executrix of the Estate of Walter O. Mansfield, Jr., Deceased, Plaintiff-Appellant,

v.

**SHIPPERS DISPATCH, INC.,**
Defendant-Appellee.

No. 3–1277A309.

Court of Appeals of Indiana, Third District.

Jan. 21, 1980.

Rehearing Denied March 27, 1980.

---

2.   See the majority opinion for the use of a co-defendant's statements.

Lawrence A. Levy, Grant F. Shipley, Fort Wayne, for plaintiff-appellant.

George E. Fruechtenicht, Martin T. Fletcher, and David A. Travelstead, Fort Wayne, for defendant-appellee.

GARRARD, Presiding Judge.

This was an action for wrongful death arising out of an automobile collision. The case was tried by jury and concluded with a verdict for the defendant.

The evidence at trial disclosed that Paul Rafferty, an employee of appellee Shipper's Dispatch, Inc., was driving a semi-tractor trailer northbound on four-lane U.S. Highway 24 in Fort Wayne during morning rush hour traffic. Rafferty noticed a bluish smoke entering his cab and pulled over on the shoulder of the highway to investigate. The evidence conflicted as to whether the vehicle was entirely on the shoulder or whether the rear of the trailer protruded into the traveled portion of the driving lane. A moving van which was approaching the Shipper's truck then moved over toward the passing lane, although again the evidence conflicts as to whether it entered the passing lane. A third vehicle, an automobile driven by Kevin McGinnis, was approaching in the passing lane at a speed estimated from 50 mph to 70 mph. McGinnis swerved to avoid the moving van, noticed a slower moving auto (Tillman) ahead of him in the passing lane, applied his brakes, went up on the median dividing the north and southbound lanes of traffic, lost control and struck the Tillman auto in the rear. This collision caused the Tillman auto to cross the median and collide with a southbound auto driven by plaintiff's decedent who was killed instantly.

The plaintiff effected settlements with other defendants and proceeded to trial against Shippers on several theories of negligence.[1] As may readily be surmised from our brief statement of the facts, liability was vigorously contested both as to whether Rafferty was negligent in stopping the semi as he did and as to whether the actions of one or more of the other drivers constituted an independent supervening cause to the extent that Shippers was not liable re-

---

1. The smoke noticed by Rafferty was apparently caused by oil spilled on the manifold of the tractor and this was asserted as negligence along with actions in stopping the tractor where and as was done.

gardless of the possible negligence of its servants.

Over objection the trial court gave to the jury the following instruction tendered by the defendant,

> If you find that the act of Paul Rafferty in stopping the Shippers Dispatch truck on the berm of the highway created a mere condition and that the collision which resulted in the death of Walter Mansfield thereafter resulted from the interaction of other persons operating vehicles on the highway in relation to such condition, then you are instructed that the act of Paul Rafferty in stopping the Shippers Dispatch truck on the berm would not be a proximate cause of the collision and your verdict should be for the defendant.

Shipper's would justify giving the instruction on the basis that several of our decisions dealing with the claim of a supervening cause in a negligence case have characterized a non-liable defendant's actions as creating a "mere condition." *See, e. g., McGahan v. Indianapolis Natural Gas Co.* (1894), 140 Ind. 335, 37 N.E. 601; *Slinkard v. Babb* (1953), 125 Ind.App. 76, 105 N.E.2d 342, 112 N.E.2d 876, 117 N.E.2d 564; *Wilcox v. Urschel* (1936), 101 Ind.App. 627, 200 N.E. 465; *Sarber v. City of Indianapolis* (1920), 72 Ind.App. 594, 126 N.E. 330.

■ Perhaps it is appropriate to commence our analysis by reiterating that simply because an appellate court employs certain language or a particular expression in journeying to its conclusion does not necessarily make such language appropriate for a jury instruction. *Jacks v. State* (1979), Ind., 394 N.E.2d 166, 174.

Secondly, we note that the form of the instruction is mandatory since it instructs the jury to find for the defendant if it finds certain facts to have existed. *Perry v. Goss* (1970), 253 Ind. 603, 255 N.E.2d 923; *Galbreath v. Engineering Construction Corp.* (1971), 149 Ind.App. 347, 273 N.E.2d 121, 130. However, even if this were not the case, we would be forced to disapprove the instruction before us as confusing and misleading.

■ It advises the jury that if they find the actions of Shipper's servant created "a mere condition" which formed a basis for certain other actions then they must find the defendant not liable. Such language is susceptible to an interpretation that if the defendant was merely guilty of passive negligence while others were guilty of active negligence, then it was not liable. Indiana law recognizes no such distinction. *See Fort Wayne National Bank v. Doctor* (1971), 149 Ind.App. 365, 272 N.E.2d 876. The standard of care is simply whether the defendant acted or failed to act as a reasonable and prudent person would have under the same or similar circumstances; whether it used ordinary care. *Neal v. Home Builders, Inc.* (1953), 232 Ind. 160, 111 N.E.2d 280, *reh. denied* 111 N.E.2d 713; *Surratt v. Petrol, Inc.* (1974), 160 Ind.App. 479, 312 N.E.2d 487, *reh. denied* 316 N.E.2d 453.

Of course, the instruction is intended to address the issue of causation. It is fatally defective because it omits all reference to foreseeability. As this court stated in *Stauffer v. Ely* (1971), 149 Ind.App. 93, 99, 270 N.E.2d 889, 892,

> The proximate cause of an injury is the efficient cause, the one that necessarily sets the other causes in operation. *Sarber v. City of Indianapolis* (1920), 72 Ind.App. 594, 126 N.E. 330. The mere intervention, however, of an independent negligent act, as in this case, will not in and of itself relieve the original negligent actor of legal responsibility. *Engle v. Director General of Railroads* (1922), 78 Ind.App. 547, 133 N.E. 138; *Cleveland, C., C. & St. L. Ry. Co. v. Clark* (1912), 51 Ind.App. 392, 97 N.E. 822. Under Indiana law an intervening negligent act breaks the chain of liability only if that intervention could not have been reasonably foreseen by the original negligent actor. *Leatherman v. Gateway Transportation Company* (1964), 7 Cir., 331 F.2d 241. *In short, reasonable foreseeability is still the fundamental test of proximate cause, and this rule is not changed by the existence of an intervening act or agency. Phares*

*v. Carr* (1952), 122 Ind.App. 597, 106 N.E.2d 242. (emphasis added)

Thus, the question of the legal effect of the intervening agency upon causation should not have been determined upon the basis of whether Rafferty's actions merely created a condition. Instead, *if* his actions in stopping the semi, as he did, were negligent, then the question of proximate cause depended upon whether the independent agency might have been reasonably expected under the circumstances to intervene in such a way as to likely produce an injury similar to the one that occurred.[2] *Galbreath v. Engineering Construction Corp.* (1971), 149 Ind.App. 347, 358, 273 N.E.2d 121, 128; *N. Y. C. R. Co. v. Cavinder* (1965), 141 Ind.App. 42, 49–50, 211 N.E.2d 502, 507–08.

Nor can we say that under proper instructions the verdict could not have been different. The jury could have found the defendant negligent and that this negligence created a condition. Whether the actions that followed were a reasonably foreseeable consequence so that the defendant's negligence remained a proximate cause should have been considered, and the evidence, conflicting as it was, was susceptible to more than one inference. Under these circumstances the error requires reversal. *N. Y. C. R. Co. v. Knoll* (1965), 140 Ind.App. 264, 266, 204 N.E.2d 220, 222.

Reversed and remanded with instructions to grant appellant a new trial.

STATON and HOFFMAN, JJ., concur.

---

2. Indiana follows this majority rule of foreseeability. Professor Prosser points out, however, that perhaps the issue of intervening causes should more appropriately be considered in terms of duty. *Prosser, Law of Torts* (4th Ed.) 270–288. While we agree, we also agree with his further confession that although this tends to direct attention to the policy issues involved, it does not solve anything. *Id.* at 244. It does demonstrate the difficulty of instructing the jury in a truly helpful manner concerning intervening causes.