Edward V. SCHAFFER, M.D.,
Appellant–Defendant,

v.

Barbara L. ROBERTS and Reginald
A. Roberts, Appellees–Plaintiffs.

No. 49A02–9410–CV–599.

Court of Appeals of Indiana.

May 24, 1995.

Robert G. Zeigler, Renee A. Faught, Zeigler Carter Cohen & Koch, Indianapolis, for appellant.

Thomas C. Doehrman, Joan Isaacs Wolf, Conour–Doehrman, Indianapolis, for appellees.

## OPINION

STATON, Judge.

Edward V. Schaffer, M.D. appeals the judgment of the trial court in favor of Barbara and Reginald Roberts for their medical malpractice claim. Dr. Schaffer presents two issues for our review, which we consolidate into one and restate as whether the Robertses presented sufficient expert testimony of causation to support the judgment of the trial court.

We affirm.

The facts most favorable to the judgment reveal that Dr. Schaffer, an orthopedic sur-

geon, performed surgery on Barbara Roberts in November of 1989 to treat recurring shoulder dislocations. The procedure utilized by Dr. Schaffer was called a Bristow procedure, and was intended to prevent further dislocation.[1] Following her surgery, Barbara experienced severe pain and loss of function. In March of 1990, she sought treatment from Dr. Schaffer's partner, Dr. Franklin D. Wilson.[2] Dr. Wilson determined that the screw and bone block placed in Barbara's shoulder during Dr. Schaffer's surgery were in the wrong position, necessitating a second surgery to remove the misplaced screw. Dr. Wilson performed this surgery on April 17, 1990.

Although Barbara's condition improved after the second surgery, she experienced sudden, severe pain and discoloration of the arm on May 20, 1990, which Dr. Wilson later diagnosed as a condition known as Reflex Sympathetic Dystrophy ("RSD"). Dr. Wilson attributed the onset of RSD to the corrective surgery he performed in April 1990. After several attempts to treat Barbara's condition, Dr. Wilson referred her to Dr. Neil Irick, a specialist in pain management.[3] Because of her RSD, Barbara is permanently and totally disabled. Accordingly, she brought this action against Dr. Schaffer alleging medical negligence in his performance of the November 1989 shoulder surgery. After a bench trial, the court found in the Robertses' favor and assessed damages against Dr. Schaffer in the amount of $500,-000.00. This appeal ensued.

■ The Robertses requested specific findings and conclusions pursuant to Ind. Trial Rule 52(A). When a party has made this request, the reviewing court cannot affirm the judgment on any legal basis. Instead, we must first determine whether the evidence supports the findings and then whether the findings support the judgment. *Vanderburgh County Board of Commissioners v. Rittenhouse* (1991), Ind.App., 575 N.E.2d 663, 665, *trans. denied*. The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, 1320, *trans. denied*. Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* In making this determination, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

■ The trial court found that Dr. Schaffer negligently performed the November 1989 surgery on Barbara's shoulder, and that Dr. Schaffer's negligence necessitated the April 17, 1990 surgery performed by Dr. Wilson. The trial court further found that Barbara developed RSD as a result of the April 17, 1990 surgery. Dr. Schaffer does not challenge the finding that he was negligent. Instead, he challenges only the finding that Barbara's injury resulted from his negligence.

■ It is well settled that in a medical negligence claim, the plaintiff must prove by expert testimony not only that the defendant was negligent, but also that the defendant's negligence proximately caused the plaintiff's injury. *Weaver v. Robinson* (1993), Ind. App., 627 N.E.2d 442, 445. The proximate cause of an injury is the efficient cause; that is, the one that necessarily sets the other causes in operation. *Stauffer v. Ely* (1971), 149 Ind.App. 93, 99, 270 N.E.2d 889, 892, *trans. denied*. An act or omission is the proximate cause of an event when such event

---

1. According to Dr. Schaffer, a Bristow procedure involves the placement of a screw and bone block in an area known as the glenoid, in order to affix the muscles and tendons around the shoulder joint and prevent dislocation. Record, pp. 396–398.

2. Barbara was referred to Dr. Wilson by Dr. Todderud, who was also a partner in Dr. Schaffer's practice. Barbara had been referred to Dr.

Todderud upon Dr. Schaffer's retirement in February of 1990.

3. Although he initially concurred with Dr. Wilson's diagnosis of RSD, Dr. Irick later changed his diagnosis of Barbara's condition to Sympathetically Maintained Pain Syndrome, a very similar condition. In their briefs, both parties refer to Barbara's condition as RSD, and we will do so for purposes of this appeal.

is the reasonably foreseeable, natural and probable consequence of the act or omission. *Board of Commissioners of Adams County v. Price* (1992), Ind.App., 587 N.E.2d 1326, 1333, *trans. denied.*

Dr. Schaffer argues that the Robertses did not present sufficient expert testimony of proximate cause to support the judgment. The record reveals otherwise. Dr. Wilson testified that Barbara's RSD resulted from the April 17, 1990 corrective surgery that he performed on her shoulder, which surgery was necessitated by Dr. Schaffer's negligence in performing the November, 1989 procedure. Dr. Wilson further testified that the likelihood of developing RSD increases as additional surgeries are performed on a joint. Several medical experts, including Dr. Schaffer, testified that RSD is a known complication of shoulder joint surgery. From this evidence the trial court could reasonably conclude that RSD is a reasonably foreseeable consequence of shoulder joint surgery, and that Barbara's RSD resulted from the April 1990 procedure in which the negligently placed screw was removed.

Dr. Schaffer acknowledges that Dr. Wilson provided expert testimony attributing Barbara's RSD to the corrective surgery necessitated by Dr. Schaffer's negligence, however he challenges Dr. Wilson's testimony as contradictory and inherently unbelievable. Dr. Schaffer argues that because Dr. Wilson agreed with the other experts that the medical origin [4] of RSD is unknown, his testimony regarding the proximate cause of Barbara's RSD is unworthy of belief. We disagree. Dr. Wilson testified that although medical science cannot explain *why* a particular individual will develop RSD, various events are known causes of RSD's occurrence, including surgery on a joint.[5] We do not find Dr. Wilson's statements contradictory, and we decline Dr. Schaffer's invitation to reweigh his testimony and reassess his credibility. *DeHaan, supra.*

Because the findings are supported by sufficient evidence of causation, we find no error in the judgment of the trial court.

Affirmed.

HOFFMAN and FRIEDLANDER, JJ., concur.

---

4. The various medical experts, including Dr. Wilson, agreed that the etiology of RSD is unknown. Etiology is a medical term of art meaning "[t]he science and study of the causes of disease and their mode of operation." STEDMAN'S MEDICAL DICTIONARY 542 (25th Ed.1990). We do not believe this term is equivalent to legal proximate cause, as Dr. Schaffer contends. The gravamen of proximate cause is whether the injury resulting from a negligent act was reasonably foreseeable by the negligent actor. *Stauffer, supra.*

5. Dr. Schaffer argues that "physicians are simply not insurers against every conceivable consequence of their actions". Appellant's Brief at 19. We do not believe that the trial court's findings hold such import. The evidence presented at trial supports the conclusion that RSD is a foreseeable consequence of multiple surgeries on the same joint; multiple surgeries in this case were necessitated by Dr. Schaffer's negligence. The trial court has done nothing more than hold Dr. Schaffer accountable for the foreseeable consequences of his negligent act, as the law requires. *Stauffer, supra, Board of Commissioners of Adams County, supra.*